**FILED**
**JANUARY 24, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 547**

**JUDGE GRADY**
**MAGISTRATE JUDGE MASON**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Janet Jones<br>497 North Frieh Drive<br>Romeoville, IL 60446<br><br>      Plaintiff,<br><br>v.<br><br>Central Portfolio Control, Inc.<br>c/o Robert P. Reiter, Registered Agent<br>16526 W. 78th St., #107<br>Eden Prairie, MN 55346<br><br>      Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT AND<br>OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

**FACTS COMMON TO ALL COUNTS**

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this action within the time frame permitted under the FDCPA.

9. On or around May 10, 2007, Defendant's employee, with the name or alias of Janie Mack ("Mack"), telephoned Plaintiff in an effort to collect the debt.

10. During this communication, Mack told Plaintiff that Defendant was working with the Will County State's Attorney's office ("Will County") regarding the debt.

11. During this communication, Mack threatened to contact Plaintiff's employer if Plaintiff did not make arrangements to pay the debt.

12. During this communication, Mack stated that Mack needed to contact Will County by Noon on the next day regarding Plaintiff's decision about payment arrangements and asked Plaintiff to telephone Mack by 10:00am the next day.

13. On or around May 10, 2007, at approximately 10:00am, Plaintiff telephoned Defendant and spoke to Mack.

14. During this communication, Mack informed Plaintiff that Mack had already spoken to Will County and they decided to offer a settlement amount of $8,700 to Plaintiff.

15. During this communication, Plaintiff asked Mack why Mack had already called Will County and Mack informed Plaintiff that she could not wait for Plaintiff's call.

16. During this communication, Plaintiff was intimidated into accepting an agreement to pay $2,900 on June 1, July 1, and August 1, 2007.

17. During this communication, Plaintiff asked Mack to send Plaintiff written proof of the debt.

18. During this communication, Mack replied that Defendant already sent Plaintiff proof of the debt, but Plaintiff requested that Defendant send it out again because Plaintiff had not received it.

19. During this communication, Mack demanded Plaintiff's checking account information to process the payments.

20. During this communication, Plaintiff informed Mack that she did not want to provide her checking account information over the phone and promised to send her payments by mail.

21. During this communication, Mack refused Plaintiff's request and said that the offer from Will County was only good if Plaintiff gave her checking account information over the phone.

22. During this communication, Plaintiff was intimidating into providing her checking account information over the phone.

23. On or around June 1, 2007, Defendant deducted the first payment from Plaintiff's checking account.

24. On or around June 12, 2007, Plaintiff realized that she had not yet received written proof of the debt from Defendant.

25. On or around June 12, 2007, Plaintiff telephoned Defendant several times and left several voice messages for Mack, which were not returned.

26. On or around June 22, 2007, Defendant contacted Will County to inquire about the agreement that Plaintiff and Defendant hade made.

27. During this communication, a representative at Will County informed Defendant that there was no case against Plaintiff pending in their office and that Will County had not discussed anything with Defendant or Mack.

28. On or around June 25, 2007, Plaintiff went to her financial institution and stopped payment on the remaining deductions.

29. On or around July 3, 2007, Mack telephoned Plaintiff.

30. During this communication, Mack screamed at Plaintiff because the July 1st payment did not go through.

31. During this communication, Plaintiff informed Mack that she would not make any further payments until Defendant sent Plaintiff written proof of the debt.

32. During this communication, after nearly 15 minutes of debate, Mack finally agreed to send Plaintiff written proof of the debt and a letter with which Plaintiff could improve her credit score.

33. During this communication, Plaintiff informed Mack that Mack should never telephone Plaintiff's cellular phone because it was owned by Plaintiff's employer and that Mack should never call Plaintiff's place of employment but should telephone Plaintiff's residence instead.

34. Despite Plaintiff's notice, Defendant telephoned Plaintiff's place of employment in an effort to collect the debt on several occasions thereafter.

35. Plaintiff never received the letter regarding Plaintiff's credit score that Mack promised to send.

36. On or around August 10, 2007, Mack telephoned Plaintiff's place of employment and spoke to Plaintiff's coworker ("Coworker").

37. During this communication, Mack asked Coworker to have Plaintiff's supervisor return her call.

38. Shortly after this communication, Coworker informed Plaintiff about Mack's call.

39. On or around August 10, 2007, Plaintiff telephoned Mack to return Mack's call.

40. During this communication, Plaintiff informed Mack that Plaintiff intended to pay for the debt, but wanted Defendant to send the letter that Mack had promised to send before any further payments were made.

41. During this communication, Mack transferred Plaintiff to Mack's supervisor ("Supervisor").

42. During this communication, Supervisor spoke to Plaintiff in a belligerent and threatening tone.

43. During this communication, Supervisor threatened to garnish Plaintiff's wages and attach Plaintiff's assets.

44. During this communication, Plaintiff informed Supervisor that Plaintiff was going to seek the assistance of an attorney but supervisor continued to rant and shout threats until Plaintiff hung up the telephone.

45. Defendant damaged Plaintiff emotionally and mentally and caused substantial anxiety and stress.

46. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

47. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

48. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

49. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

50. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

### COUNT THREE

### Violation of the Fair Debt Collections Practices Act

51. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

52. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

### COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

53. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

54. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

### COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

55. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

56. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

### JURY DEMAND

57. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

58. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    Attorney for Plaintiff
    20 W. Kinzie Street, Suite 1300
    Chicago, IL 60610
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com